UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **ESTATE OF PHILLIP JAMES BINN,** deceased, by and through the Estate's Personal Representative Vivian Odom; | ] ] ] ] |
| **Plaintiff,** | ] ] |
| vs. | ] ] |
| **CITY OF ADAMSVILLE, ALABAMA,** a municipal corporation; **WARREN COTTON,** individually, and in his official capacity as Chief of Police; **R.W. CARTER,** individually, and in his capacity as Chief of Police; **RICK WHITFIELD,** individually, and in his official capacity as Detective; **WILLIAM DOUGHERTY,** individually, and in his official capacity as Sergeant; **LEWEY STEWART,** individually and in his official capacity as a Member of the Adamsville Police Department; **FICTITIOUS DEFENDANT A; KILLER JOHN DOE; FICTITIOUS DEFENDANT B;** | ] ] ] ] ] ] ] ] ] ] ] ] ] ] ] ] ] |
| **Defendants.** | |

## COMPLAINT

Plaintiff, by and through its attorneys of record, files the following complaint against Defendants the City of Adamsville, Alabama, Warren Cotton, R.W. Carter, Rick Whitfield, William Dougherty, Fictitious Defendant A, Fictitious Defendant B, and Killer John Doe as follows:

1

## PARTIES

1. Plaintiff the Estate of Phillip Binn, Deceased, is the estate of Phillip James Binn, a deceased person who, at all times relevant and material, was a resident of Adamsville, Alabama,

2. Defendant City of Adamsville, Alabama ("Defendant Adamsville") is a municipal corporation located in Jefferson County, Alabama and organized under the laws of the state of Alabama.

3. Defendant Warren Cotton ("Defendant Cotton") is the chief of police at the Adamsville Police Department, and at times relevant to this Complaint was employed by the Adamsville Police Department in Adamsville, Alabama, and upon information and belief, is a resident of the State of Alabama.

4. Defendant R.W. Carter ("Defendant Carter"), at times relevant and material was the chief of police at the Adamsville Police Department and is and at times relevant to this Complaint was employed by the Adamsville Police Department in Adamsville, Alabama, and upon information and belief, is a resident of the State of Alabama.

5. Defendant Rick Whitfield ("Defendant Whitfield"), at times relevant and material was a detective in the Adamsville Police Department and was employed by the Adamsville Police Department.

6. Defendant William Dougherty ("Defendant Dougherty") at times relevant and material was a Sergeant employed by the Adamsville police Department.

7. Defendant Lewey Stewart ("Defendant Stewart") at times relevant and material was employed by Defendant Adamsville and took photographs of the crime scene.

8. Fictitious Defendant A ("FDA"), at times relevant and material was employed by Defendant Adamsville as a Detective. FDA failed to discharge his duties and failed to properly investigate the scene of Binn's death. The true identity of FDA will be supplemented immediately upon discovery.

9. Fictitious Defendant B ("FDB"), at times relevant and material was employed by Defendant Adamsville as a Detective. FDB failed to discharge his duties and failed to properly investigate the scene of Binn's death. The true identity of FDB will be supplemented immediately upon discovery.

10. As used herein, the term "Defendants" refer collectively to Defendant Dockery, Defendant Stewart, Defendant Dougherty, Defendant Whitfield, FDA, FDB, and Defendant Adamsville.

11. Defendant Killer John Doe ("Defendant Doe"), whose true identity is unknown at this time was the person or persons who caused the wrongful death of Phillip James Binn on or about February 19, 2017.

## JURISDICTION AND VENUE

12. Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States.

13. This action presents various Constitutional, statutory, and common law claims arising under 42 U.S. Code §1983, and the state law of Alabama.

14. Pursuant to 42 U.S.C. Section 1983, and other applicable law, this Court is justified to award nominal, compensatory, and punitive damages, and equitable relief against all individual Defendants, in their individual capacity, and against Defendant Adamsville for the past and ongoing violations of Plaintiff's Constitutional rights and the harm caused by their actions.

15. Venue lies in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

16. Phillip James Binn ("Binn") was found deceased in Adamsville, Alabama on February 19, 2017.

17. Binn was a former United States Army Ranger who served tours of duty in various war zones during the Global War of Terrorism.

18. When found by first responders, Binn was found to have sustained a gunshot wound to the back of his head.

19. The bullet passed through Binn's head from a rear trajectory, and exited the front of Binn's head, and continued to travel through the ceiling of Binn's residence and exited the roof.

20. The bullet that killed Binn has not been found.

21. Defendant Adamsville received a 911 call from Jaamal Thomas ("Thomas") informing them that Binn had allegedly shot himself.

22. Upon information and belief, Thomas was present at or about the time that Binn's death occurred.

23. Binn's mother, Vivian Odom, was informed of Binn's death at approximately 11:20 a.m.

24. Defendant Adamsville arrived on the scene and is alleged to have discovered Binn bleeding from his head.

25. Binn's body was positioned with his head between the chair legs and table of furniture in Binn's residence.

26. The weapon that was allegedly used in Binn's death was found on the countertop of a bar/island piece of furniture in Binn's residence, several feet above and away from Binn's body.

27. Binn's body was transported by Steel City Transport to the Jefferson County, Alabama Coroner's Office.

28. The Jefferson County Coroner's office examined the body of Binn.

29. During the Jefferson County Coroner's examination of Binn's body, it was noted that no gunshot residue was found on Binn's hands or clothing.

30. The Jefferson County, Alabama Coroner's office also noted the ingress and egress trajectory of the bullet that caused Binn's demise.

31. Based upon information obtained from Defendant Adamsville, and Defendant Dockery, the Jefferson County Coroner's office ruled Binn's death a suicide.

32. Defendant Adamsville has refused to share with Binn's Estate the contents of any investigation into Binn's death; to the extent such investigation actually occurred.

33. Defendant Adamsville failed to perform DNA testing of the gun that allegedly caused Binn's death.

34. Defendant Adamsville failed to perform forensic testing for gunshot residue on any person who was present at the time Binn's death occurred.

35. Defendant Adamsville, at no point in time, treated the scene of Binn's death as a potential crime scene; and therefore mishandled vital evidence that would have implicated Defendant Killer John Doe as Binn's murderer, such as:

36. Securing the residence and surrounding areas as a potential crime scene;

37. Establishing an immediate perimeter surrounding the scene of Binn's death to avoid evidence contamination;

38. Establishing a neighborhood perimeter in an effort to locate any witnesses or suspects to interview to Binn's death;

39. Dusting the entire residence for fingerprints left behind by Defendant Killer John Doe or other persons present at the time of Binn's death;

40. Requesting assistance before or after Binn's body was removed from the scene of his death;

41. Properly developing suspects to Binn's murder;

42. Issuing a report requesting DNA samples of "any suspects" developed.

**COUNT I –VIOLATION OF CIVIL RIGHTS 42 U.S. CODE § 1983 (Denied Right of Access to the Courts) - As to all Defendants**

43. Plaintiff further alleges as follows:

44. Defendants are liable jointly and severally to Plaintiff pursuant to 42 U.S.C. §1983.

45. Defendants failed to conduct a proper investigation of the incident that occurred on February 19, 2017 that resulted in the death of Binn.

46. Defendants failed to conduct a proper investigation.

47. The failure of the Defendants to properly investigate potential leads violated the due process rights of Binn's Estate.

48. The Defendants were jointly and severally deliberately indifferent to the fundamental rights of the Plaintiff.

49. A few hours after Binn's death, the Defendants concluded, in the absence of any true investigation that Binn's death was a suicide.

50. Defendants deliberately ignored, and were indifferent to evidence that provided proof of foul play in Binn's death. This evidence included:

51. A lack of any blood or DNA on the table that was supposedly near Binn's final resting place according to the Defendants' theory of suicide;

52. A lack of gunshot residue on the clothing of Binn;

53. A lack of gunshot residue on Binn's hands;

54. The improbable placement of the gun alleged by the Defendants to be the instrument of Binn's death.

55. Vivian Odom, was informed by Defendant Cotton that Binn's death was the result of a suicide.

56. Defendants intentionally distorted and concealed evidence from the crime scene and caused a denial of Plaintiffs' right of access to courts.

57. Due to Defendants' intentionally concealing evidence such as the forensic and ballistic reports that incriminate Killer John Doe, intentionally failing to develop further evidence that would identify and incriminate Killer John Doe, and actively engaging in covering up Binn's murder by calling it a suicide, Defendants, acting in concert and under color of law, denied Plaintiff's access to court to proceed with an action against Killer John Doe.

58. As a direct and proximate result of the blatant and outrageous conduct of the Defendants, the Plaintiff has suffered damages; therefore, not only compensatory,

but also punitive damages are appropriate to be awarded, all pursuant to 42 U.S.C. § 1983.

### COUNT II –VIOLATION OF CIVIL RIGHTS 42 U.S. CODE § 1983 (State created Danger)
### As to all Defendants

59. Plaintiff restates and incorporates by reference each and every allegation set forth in all prior paragraphs and further alleges as follows:

60. Defendant Dockery, FDA, FDB and Defendant Whitfield ('the Defendants") voluntarily assumed the care of Binn's death investigation and declined to request assistance from other investigative bodies that could have intervened to render aid and identify Defendant Killer John Doe.

61. The Defendants failed to conduct a proper investigation of the incident and deliberately avoided the valid evidences that were available at the scene of the accident.

62. The Defendants failed to properly obtain and preserve evidence that would have proven that Binn was murdered, and alternatively, Defendants intentionally concealed other evidence such as the forensic and ballistic reports that incriminate Killer John Doe.

63. Defendants failed to train their officers and did not have proper measures to ensure that violations would not take place.

64. Had the Defendants properly conducted an investigation into the circumstances surrounding Binn's death, Defendant Killer John Doe would not be free and given the opportunity to carry out additional harm including murder on the community at large.

65. Defendants' direct and indirect acts as well as their outrageous misconduct have resulted in a violation of Plaintiff's rights under 42 U.S.C. § 1983 and have also resulted in a state created danger to plaintiff and other residents.

### COUNT III – VIOLATION OF CIVIL RIGHTS 42 U.S. CODE § 1983 MUNICIPAL LIABILITY
**(Failure to Implement Appropriate Policies, Training methods and Practices)
As to Defendant Adamsville; Defendant Carter; and Defendant Cotton**

66. Plaintiff further allege as follows:

67. Defendant Adamsville, Defendant Carter and Defendant Cotton failed to implement adequate policies, training, and supervisory procedures for their employees.

68. Defendant Adamsville, Defendant Carter and Defendant Cotton have failed to enforce disciplinary measures that would prevent routine deprivations of citizens' rights, such as the Plaintiff's right to face Defendant Killer John Doe.

69. Defendant Adamsville's, Defendant Cotton's, and Defendant Carter's failure to implement appropriate policies regarding the handling of death scenes has resulted in the improper delay in the discovery of Binn's true cause of death.

70. Specifically, the failure of Defendant Adamsville, Defendant Cotton and Defendant Carter to implement appropriate policies, training methods and practices led to the following:

71. Defendants deliberately ignored factual findings that although the Defendants suspected Binn took his own life; the alleged instrument of death, the .45 caliber Para Ordinance pistol was found on a counter/bar of Binn's residence, several feet in linear distance from, and several feet in elevation above Binn's body.

72. Defendants failed to properly investigate or deliberately ignored factual findings that although the Defendants suspected Binn took his own life; the spent shell casing from the .45 caliber round that was fired into Binn's head was found several linear feet from the spot it was allegedly fired.

73. Defendants failed to properly investigate or deliberately ignored factual findings that the .45 caliber Para Ordinance has a right-side ejection port and the casing of the round fired into Binn was found several linear feet away and ***on the opposite side of the ejection port*** of the .45 caliber Para Ordinance pistol.

74. Defendants failed to properly investigate or deliberately ignored that when they arrived at the crime scene, although it was alleged that Binn committed suicide, his body was found with his head situated under the legs of a table and chair in his residence.

75. Defendants failed to properly investigate or deliberately ignored the fact that when they arrived at the scene, although Binn's body was found with his head under the aforementioned table and chairs, no blood or brain matter splatter was visible on any part of the table or chairs.

76. Defendants failed to properly investigate or deliberately ignored the fact that although Binn was right-hand dominate, no blood or gunshot residue was present on his right hand.

77. Defendant Adamsville's responding officers failed to preserve the crime scene at Binn's death and contaminated the crime scene by failing to properly ensure that no cross contamination occurred from outside sources such as footprints and DNA.

78. Defendant Adamsville's failure to properly train its officers and detectives in responding to crime scenes resulted in the improper investigation of Binn's murder by Defendant Adamsville's officers and the violation of the constitutional rights of Binn.

79. Defendant Adamsville implicitly or explicitly, adopted and implemented careless and reckless policies, customs, and practices in its "investigation" that allowed the unconstitutional conduct described herein and, therefore, constitute the moving and proximate cause.

## COUNT IV –CIVIL CONSPIRACY
### As to all Defendants

80. Plaintiff restate and incorporate by reference each and every allegation set forth in all prior paragraphs, and further allege as follows:

81. The individually named Defendants concerted with each other, and conspired to deny the civil rights of Binn.

82. The individually named Defendants concerted and conspired to cover up the murder of Binn by failing to conduct a proper investigation of his death by concealing the forensic and ballistic reports from the state crime lab to the medical examiner's office and to any other investigative body who could identify Defendant Killer John Doe.

83. Defendants deliberately ignored and spoiled the evidence at the scene of the accident which indicated foul play surrounding Binn's death including by allowing numerous spectators and nonessential persons to inhibit the crime scene.

84. Defendants conspired to ignore the fact that there was no gunpowder residue on Binn's person or clothing.

85. Defendants conspired and continue to conspire to prevent the Plaintiff from learning Binn's true cause of death.

86. Defendants' conspiracy resulted in the denial of equal protection of the law to Binn.

87. These acts of unlawful conspiracy by Defendants violated Binn's civil rights and caused compensatory and punitive damages to the Plaintiff.

### COUNT V – WRONGFUL DEATH
### As to Defendant Killer John Doe

88. Plaintiff further alleges as follows:

89. Defendant Killer John Doe maliciously fired a bullet into Binn's person.

90. The firing of the bullet into Binn's person, namely the right rear of Binn's head caused immediate and irreparable harm to Binn.

91. Binn was killed as a direct and proximate result of the willful and malicious acts of Killer John Doe.

92. The Estate of Phillip James Binn is entitled to punitive damages due to Defendant Killer Jon Doe causing Binn's death.

### CAUSE OF ACTION VI – NEGLIGENCE
### As to Defendant Killer John Doe

93. The Plaintiff further alleges:

94. Pleading in the alternative, the Plaintiff alleges that Defendant Killer John Doe was negligent in the death of Binn.

95. Defendant Killer John Doe, after consuming alcohol with Binn at Defendant Nana Funks' establishment, returned to Binn's residence and engaged in horseplay with loaded weapons.

96. Defendant Killer John Doe engaged in reckless behavior around Binn while horse playing with loaded weapons.

97. During the course of such horseplay, Defendant Killer John Doe negligently fired a round from a .45 caliber pistol into the head of Binn.

98. Defendant Killer John Doe's negligence was the proximate cause of Binn's death.

99. Defendant Killer John Doe, through his negligence is therefore responsible for the death of Binn.

100. The Plaintiff is entitled to damages in an amount to be determined by a struck jury for Binn's negligence.

## PRAYER AND RELIEF

WHEREFORE, Plaintiff pray that this Honorable Court:

a. Enter judgment against all Defendants jointly and severally;

b. Enter a declaratory judgment declaring the acts of the defendant to be a violation of Plaintiff's constitutional rights to equal protection, due process, and access to courts;

c. Award Plaintiff's costs and attorneys' fees pursuant to 42 U.S.C. § 1983;

d. Award Plaintiff compensatory and punitive damages as allowed by statutes;

## JURY DEMAND

101.   The Plaintiff herein demands trial by stuck jury on all issues of fact.

                                          Respectfully submitted,

                                          *s/ H. Gregory Harp*
                                          H. Gregory Harp (asb-0904-t75h)

of Counsel to the Plaintiff
GREGORY HARP LLC
459 Main Street Suite 101-266
Trussville, Alabama 35173
gh@gregoryharplaw.com

                                          *s/ Jacqueline O. Morrette*
                                          Jacqueline O. Morrette (asb-5078-N75O)

of Counsel to the Plaintiff
THE MORRETTE LAW FIRM, LLC
Main Street
Trussville, Alabama 35173
lawyer.morrette@yahoo.com