UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ESTATE OF PHILLIP JAMES BINN,** | } |
| **Plaintiff,** | } |
| | } |
| v. | } |
| | } Case No.: 2:17-cv-01993-RDP |
| **CITY OF ADAMSVILLE, et al.,** | } |
| **Defendants.** | } |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff's Response to the Court's Show Cause Order. (Doc. # 49). On July 16, 2018, the court directed Plaintiff to show cause in writing as to why it has standing to assert the claims alleged in its amended complaint. (Doc. # 48). For the reasons explained below, the court finds that Plaintiff lacks standing to assert its 42 U.S.C. § 1983 claim for a state-created danger (Count II in the amended complaint, Doc. # 19). Accordingly, that claim is due to be dismissed. However, the court is satisfied that Plaintiff has standing to assert the remaining claims in this action (Counts I, III, and IV in the amended complaint, Doc. # 19). The court expresses no view on the merits of those claims and hereby notifies Defendants that they may refile their motions to dismiss the remaining claims.

**I.   Background**

On February 19, 2017, the City of Adamsville received a 911 call from Jaamal Thomas stating that Phillip James Binn had allegedly shot himself. (Doc. # 19 at ¶ 20). Later, Binn, a former United States Army Ranger who had served tours of duty in various war zones, was

1

found deceased inside his home in Adamsville, Alabama. (*Id.* at ¶¶ 15-16). Thomas allegedly was present at the time of Binn's death. (*Id.* at ¶ 21). When first responders arrived, Binn was found to have sustained a gunshot wound to the back of his head. (*Id.* at ¶ 17). The bullet allegedly exited through the front of Binn's head and through the roof of Binn's residence. (*Id.* at ¶ 18). The bullet that killed Binn has not been found. (*Id.* at ¶ 19).

Binn's body was found positioned with his head underneath a chair and table in his residence. (*Id.* at ¶ 24). The weapon allegedly used in Binn's death was found several feet above and away from Binn's body on the countertop of an island in Binn's residence. (*Id.* at ¶ 25). The weapon was in a de-cocked condition, a condition that requires deliberate manipulation of the weapon. (*Id.* at ¶ 26). A few hours after Binn's death, Defendants concluded it was a suicide. (*Id.* at ¶ 31).

Binn's body was transported to the Jefferson County, Alabama Coroner's Office, which later examined his body. (*Id.* at ¶¶ 27-28). The Jefferson County Coroner allegedly noted that no gunshot residue was found on Binn's hands or clothing. (*Id.* at ¶ 29). Based upon information obtained from Defendants, the Jefferson County Coroner's Office ruled Binn's death a suicide. (*Id.* at ¶ 33).

On November 29, 2017, the estate of Phillip James Binn ("Plaintiff"), by and through its personal representative, Vivian Odom, filed this action in federal court. (Doc. # 1). Plaintiff filed an amended complaint on February 9, 2018 against Defendants Warren Cotton, Rick Whitfield, William Dougherty, R.W. Carter, and the City of Adamsville, Alabama. (Doc. # 19). In the amended complaint, Plaintiff alleges that the position of Binn's body, the location of the gun, and the condition of the gun are all inconsistent with the conclusions reached by Defendants. (*Id.* at ¶ 26). Plaintiff further alleges that Defendants failed to conduct an investigation into Binn's

death, and certainly not an investigation consistent with the prevailing standards and practices used by similarly situated law enforcement agencies. (*Id.* at ¶ 30). The amended complaint contains several claims for relief. Plaintiff asserted various claims against Defendants under 42 U.S.C. § 1983, including (1) denying Plaintiff's right of access to the courts by failing to perform a proper investigation, preserve evidence, and share the details of the investigation with Plaintiff; (2) taking actions that resulted in a state-created danger to Plaintiff and other residents; and (3) as to Defendants Adamsville, Carter, and Cotton, failing to implement appropriate policies, training methods, and practices. (*Id.* at 6-16). Plaintiff also asserted a claim for civil conspiracy and claims for wrongful death and negligence against Binn's unknown killer. (*Id.* at 16-18).

Defendants moved to dismiss the amended complaint. (Doc. # 33; Doc. # 34; Doc. # 40). On July 16, 2018, the court dismissed the wrongful death and negligence claims against fictitious party "Killer John Doe." (Doc. # 48). At that time, the court also administratively terminated Defendants' pending motions to dismiss and ordered Plaintiff to show cause why it has standing to assert the remaining claims in its amended complaint.

## II. Standard of Review

For purposes of assessing standing, the court assumes the allegations contained in the amended complaint are true. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice [to establish standing], for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." (internal quotation marks omitted)).

**III.    Analysis**

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. Having said that, not all disputes that might be termed "cases" or "controversies" in the colloquial sense count as Article III cases and controversies. The doctrine of standing serves to identify those disputes that qualify as Article III cases and controversies—that is, "those disputes which are appropriately resolved through the judicial process." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Standing is "perhaps the most important of [the jurisdictional] doctrines," and federal courts are under an independent obligation to ensure standing is present, even if the parties have not raised it. *United States v. Hays*, 515 U.S. 737, 742 (1995) (alteration in original). Because the court concludes that Plaintiff lacks Article III standing to assert its § 1983 state-created danger claim, the claim is due to be dismissed. However, the court is satisfied that Plaintiff has standing to assert its remaining claims.

**A.    Plaintiff's § 1983 State-Created Danger Claim**

"[T]he irreducible constitutional minimum of standing contains three elements." *Lujan*, 504 U.S. at 560. First, the plaintiff must have suffered an "injury in fact." *Id.* An injury in fact is "an invasion of a legally protected interest" which is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (internal quotation marks removed). Second, the conduct complained of must have caused the plaintiff's injury—that is, the injury must be fairly traceable to the *defendant's* conduct, not the conduct of some third party not before the court. *Id.* Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks removed).

Plaintiff lacks standing to assert its § 1983 state-created danger claim because Plaintiff has not suffered an injury in fact. Count II of the amended complaint alleges that, had Defendants properly investigate the circumstances of Binn's death, "Defendant Killer John Doe would not be free" and thus would not have "the opportunity to carry out additional harm[,] including murders on the community at large." (Doc. # 19 at ¶ 53). By failing to properly investigate Binn's death and permitting the perpetrator to remain at large, Defendants are allegedly responsible for a state-created danger to Plaintiff and others in the community. (*Id.* at ¶ 54). But Defendants' failure to apprehend Binn's alleged killer has not put Plaintiff at an increased risk of being murdered or otherwise harmed. Plaintiff is Binn's *estate*, not a natural person. Binn's estate cannot be murdered or otherwise physically harmed and thus is in no danger as a result of Defendants' failure to apprehend Binn's killer. Further, even if Binn's estate had standing based on Binn's own personal injuries, Binn has not been harmed by Defendants' failure to apprehend Binn's killer after the alleged homicide. Even if other members of the Adamsville community have been (or may be) injured by Defendants' failure to apprehend Binn's killer, neither Binn nor his estate are "among the injured." *Lujan*, 504 U.S. at 563. Thus, Plaintiff lacks standing to assert its § 1983 state-created danger claim.

### B. Plaintiff's Remaining § 1983 and Civil Conspiracy Claims

Plaintiff also asserts two remaining § 1983 claims and a civil conspiracy claim. (Doc. # 19 at 6, 11, 16). Under § 1983, Plaintiff claims (1) that Defendants' failure to properly investigate Binn's death denied Plaintiff's right of access to the courts (Doc. # 19 at ¶ 43-44) and (2) that certain Defendants' failure to implement appropriate policies, training methods, and practices undermined Plaintiff's right "to face Killer John Doe in court" (Doc. # 19 at ¶ 59).

Though Plaintiff's amended complaint leaves much to be desired on this point,[1] the court understands Plaintiff's theory to be that, had Defendants' properly investigated Binn's death and implemented appropriate policies, training methods, and practices, Plaintiff could have pursued a civil damages action against Binn's killer using the evidence uncovered by Defendants' investigation. (*Id.* at ¶¶ 43-44).

Though the court expresses no view on the merits of these claims,[2] it is satisfied that Plaintiff has standing to assert them. Plaintiff's injury is pecuniary—due to Defendants' failure to investigate Binn's death, his estate is unable to collect the money damages it could have won in an action against Binn's killer. Because pecuniary injuries are undoubtedly cognizable under Article III, *Via Mat Int'l S. Am. Ltd. v. United States*, 446 F.3d 1258, 1263 (11th Cir. 2006) (holding that economic harm constitutes an injury in fact), Plaintiff has suffered an injury in fact.[3] Moreover, Plaintiff's pecuniary injury was allegedly caused by the defendants in this case—in particular, their failure to investigate Binn's death and to implement appropriate policies and practices—not by the conduct of some third party not before the court. Because Plaintiff's pecuniary injury is fairly traceable "to the challenged action of the defendant[s]," causation is satisfied. *Lujan*, 504 U.S. at 560. Finally, redressability is satisfied because

---

[1] Indeed, in its current state, the amended complaint is a shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'").

[2] Whether a plaintiff has standing to assert a claim and whether a plaintiff has plausibly stated that claim in a manner sufficient to survive a Rule 12(b)(6) motion to dismiss are separate inquiries. *See Culverhouse v. Paulson & Co. Inc.*, 813 F.3d 991, 994 (11th Cir. 2016) (holding that the district court should have dismissed the case for failure to state a claim rather than for lack of subject matter jurisdiction); *see also Moody v. Holman*, 887 F.3d 1281, 1285 (11th Cir. 2018) (2018) (observing "that federal courts must not confuse weakness on the merits with absence of Article III standing") (internal quotation marks omitted).

[3] One might object that Plaintiff has not shown a pecuniary injury because it has not shown it would *succeed* in a civil damages action against Binn's killer. But Plaintiff need not show that it would have succeeded on the claim to establish a pecuniary injury. Simply filing a viable claim creates the possibility of settlement, and assuming that the allegations in the complaint are true, it is beyond question that Plaintiff would have a viable wrongful death claim against Binn's killer.

Plaintiff's pecuniary injury would be "redressed by a favorable decision" of this court, in the form of a money damages award. *Id.* at 561. Thus, Plaintiff has standing to assert its remaining § 1983 claims. And because Plaintiff's civil conspiracy claim is simply derivative of its other claims, the court is satisfied Plaintiff has standing to assert it as well.

**IV.    Conclusion**

Because Plaintiff lacks Article III standing to assert its § 1983 state-created danger claim, the court is without jurisdiction to adjudicate it. The claim is thus due to be dismissed. Plaintiff's allegations do however sufficiently allege injury in fact, causation, and redressability with respect to its remaining claims, and the court is satisfied it has jurisdiction to adjudicate them. The court will thus permit the defendants to refile their motions to dismiss the remaining claims. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this August 24, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE